PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
F I L E D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE ___SOUTHERN___ DISTRICT OF TEXAS
___HOUSTON___ DIVISION

**FEB 22 2019**

David J. Bradley, Clerk of Court

RODYS SANCHEZ, TDCJ# 1955024
Plaintiff's Name and ID Number

TDCJ EASTHAM UNIT. 2665 PRISON RD.1
LOVELADY, TEXAS 75851
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE
500 JEFFERSON, SUITE 600. HOUSTON, TEXAS 77002
Defendant's Name and Address

** JURY TRIAL DEMAND **

TIFFANY DUPREE, HARRIS COUNTY ASST.PROSECUTOR
500 JEFFERSON, SUITE 600. HOUSTON,TEXAS 77002
Defendant's Name and Address

ATTORNEY AT LAW, STEVEN GREENLEE. CITY
4303 WHIPPOORWILL CIRCLE. MISSOURI, TEXAS 77459
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00.**

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis.* In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."   *See* 28 U.S.C. § 1915. Thus, the court is required to  assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

   A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment?___ YES <u>X</u> _NO

   B.  If your answer to "A" is "yes", describe each lawsuit in the space below.  (If there is more than one lawsuit, describe  the additional lawsuits on another piece of paper, giving the same information.)

   1.  Approximate date of filing lawsuit: _____N/A_____

   2.  Parties to previous lawsuit:

   Plaintiff(s) _____N/A_____

   Defendant(s) _____N/A_____

   3.  Court: (If federal, name the district; if state, name the county.) ____N/A_____

   4.  Cause number: _____N/A_____

   5.  Name of judge to whom case was assigned: _____N/A_____

   6.  Disposition: (Was the case dismissed, appealed, still pending?) _____N/A_____

   7.  Approximate date of disposition: _____N/A_____

II.   PLACE OF PRESENT CONFINEMENT: _____TDCJ EASTHAM UNIT_____

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          N/A_ YES N/A NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _RODY SANCHEZ, TDCJ# 1955024. TDCJ EASTHAM UNIT_

2665 PRISON RD.1  LOVELADY, TEXAS 75851          PRO SE

_____

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE. 500 JEFFERSON_

SUITE 600. HOUSTON,TEXAS 77002 _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_ASSIGNED BIASED PROSECUTOR TO PROSECUTE: RESULTING IN FALSE IMPRISONMENT_

Defendant #2: _TIFFANY DUPREE,ASST.PROSECUTOR OF HARRIS COUNTY._ ____

500 JEFFERSON.SUITE 600. HOUSTON,TEXAS 77002 _____

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_MALICIOUS PROSECUTION: SUPPRESSED BRADY MATERIAL: USED PERJURED TESTIMONY:_
PROSECUTORIAL VINDICTIVENESS: LIED TO THE JURY: ENGAGED IN A CONSPIRACY TO DENY A FAIR TRIAL

Defendant #3: _ATTORNEY AT LAW. STEVEN GREENLEE. 4303 WHIPPOORWILL CIRCLE._

MISSOURI CITY,TEXAS 77459 _____

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_LEGAL MALPRACTICE: ENGAGED IN A CONSPIRACY WITH PROSECUTOR AND JUDGE TO DENY A FAIR TRIAL_

Defendant #4: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #5: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Rev. 05/15

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

PLAINTIFF WAS TRIED IN A CRIMINAL COURT AND TRIED BEFORE A
VINDICTIVE PROSECUTOR WHO LOST A CASE AGAINST PLAINTIFF PRIOR
TO,,, DEFENDANT DUPREE BROUGHT FALSE CHARGES AGAINST PLAINTIFF
AND USED HER POSITION OF BEING IN A PERSONAL RELATIONSHIP WITH
JUDGE JIM WALLACE,WHO PRESIDED OVER THE CASE, AND SUPPRESSED
BRADY (EXONERATING EVIDENCE): USED FALSE AND PERJURED TESTIMONY:
OPENLY LIED TO THE JURY ABOUT EVIDENCE: USED DEFENDANT GREENLEE,
PLAINTIFF'S ATTORNEY, IN A CONSPIRACY,WITH JUDGE WALLACE, TO
ABANDON THE DEFENSE AND ALLOW DUPREE TO EXCLUDE & PRESENT A CASE
AGAINST PLAINTIFF AND OBTAIN A FALSE CONVICTION OF "LIFE."

VI.   RELIEF:                        ** SEE ATTACHED PAGES IN SUPPORT **
State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

PLAINTIFF SEEKS COMPENSATION FOR MALICIOUS PROSECUTION AND CONSPIRACY BETWEEN THE
DEFENDANT'S TO VIOLATE HIS RIGHT TO A FAIR TRIAL: AND, ACCESS TO THE COURT: AND,
AN INJUNCTION TO TURN OVER THE BRADY MATERIAL THAT WILL PROVE HIS INNOCENCE

VII.  GENERAL BACKGROUND INFORMATION:                    ** SEE ATTACHED PAGES IN SUPPORT

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

RODY SANCHEZ

B.  List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ# 1955024

VIII. SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES x ___NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): _____ N/A _____

2.  Case number: _____ N/A _____

3.  Approximate date sanctions were imposed: _____ N/A _____

4.  Have the sanctions been lifted or otherwise satisfied?            N/A  YES N/A NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?        ____ YES  x  NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _____ N/A _____

    2. Case number: _____ N/A _____

    3. Approximate date warning was issued: _____ N/A _____


Executed on: __Feb. 10, 2019__          __RODY SANCHEZ, TDCJ# 1955024__
              DATE                                                   _____
                                                        (Signature of Plaintiff)


## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.


Signed this ____10th____ day of __FEBRUARY__ , 20_19_ .
                  (Day)                  (month)         (year)


                                   RODY SANCHEZ, TDCJ# 1955024
                                 _____
                                   (Signature of Plaintiff)


**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

## CAPACITY OF DEFENDANT'S

### DEFENDANT, HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE:

The harris county district attorney's office is being sued
in it official capacity as it was this office that was involved
in the illegal, unlawful, & malicious prosecution of the plaintiff
by one of its employee's, Ms. Tiffany Dupree, out of retaliation,
harassment and plain vindictiveness.

### DEFENDANT, MS.TIFFANY DUPREE, ASST.HARRIS COUNTY PROSECUTOR:

Ms.Dupree is being sued in her individual & personal capacity
as a state prosecutor, for personally violating Plaintiff's United
States Constitutional rights under the 1st, 14th, & 8th Amendment.
For conspiring with Judge Jim Wallace, and Plaintiff's criminal
defense counsel, Mr.Steven Greenlee, to deny and deprive Plaintiff
of a fair trial, by stepping outside of her judicial & Prosecutorial
authority and; concealing exculpatory/exonerating evidence favorable
to support Plaintiff's innocence; Using fabricated and perjured
testimony; misleading and manipulating the jury telling them lies
changing the evidence; Retaliating against plaintiff by bringing
these false charges due to plaintiff being acquitted in a 2010
case before this same prosecutor; And, denying plaintiff access
to the courts for over 1-year by refusing to process his state
habeas corpus application as operation of law mandates under the
11.07 statute.

### DEFENDANT, MR.STEVEN GREENLEE, CRIMINAL DEFENSE ATTORNEY:

Mr.Greenleee is being sued in his individual and personal
capacity for personally violating plaintiff's United States
Constitutional rights under the 1st, 6th, 14th, and 8th Amendment.
For conspiring with judge jim wallace, and prosecutor Ms.Dupree,
to violate plaintiff's right to a fair trial by; Putting on NO
defense..calling no witnesses..making no challenges to the state's
manipulating the court/jury. Defendant Greenlee intentionally
'done nothing.' And threw the case allowing Dupree and Judge
Wallace to illegally convict him with false evidence.

6.

## JURISDICTION AND VENUE

This is a federal civil rights action pursuant to 42 U.S.C. §1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States.

The Court has jurisdiction under 28 U.S.C.§1331 and §1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C.§2201 and §2202.
Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §2283 & §2284 and, rule 65 of the FED.R.CIV.PROC.

-----------------------------------------

## EXHAUSTION OF GRIEVANCE REMEDIES IS NON-APPLICABLE

Plaintiff contends that this is not a prison conditions of confinement lawsuit. Prison grievance remedies are irrelevant under 42 U.S.C.§1997(e)(a).

-----------------------------------------

## PLAINTIFF MOVES TO PROCEED IN FORMA PAUPERIS

Plainfiff hereby moves this court to proceed in forma pauperis due to his inability to pay the entire costs for filing this action. The appropriate form with his prisons trust fund account statement is attached for this court review to determine the partial-filing fee order.

## NATURE OF CLAIMS

People trust and rely on the state prosecutor's and district attorney's to make just and loyal decisions and not to abuse their state delegated authority in the court system, as well as judge's to be fair and ensure justice is accomplished and served in their court room on each individual case brought before them. When an accused is represented by a defender and the accused has placed their life in the hands of the one who is there to defend them throughout every aspect of the criminal trial process, and the motherload falls into the lap of this defender to be the accused's mouth piece. And their every decision will ultimately affect the life of the accused. But, when the charges have been brought by a vindictive prosecutor who wants to get even from losing a case against the one they are now prosecuting just a few years prior, the judicial process becomes tainted; and through a hidden agenda, the vindictive prosecutor see's her advantage and opportunity to 'get even,' by pressing to prosecute on weak and unreliable accusations. Regardless... She will bring the charges and prosecute because she is in a position of authority to do whatever she likes when it comes to filing criminal charges against 'anyone she wants.'

This civil rights action concerns a conspiracy 'three-fold.' Defendant Dupree brought false charges against plaintiff for aggravated sexual assault of a child (under 14), in the harris county district court in the 263rd.District, in case No. 1400848. and before the Honorable judge Mr.Jim Wallace, whom, was and still is, involved in a personal/intimate relationship with defendant Dupree,who brought the false criminal charges against Plaintiff judge Wallace showed favortism and openly engaged in inappropriate flirting with Dupree during the trial. Dupree took advantage of her opportunity to repay plaintiff back with a conviction for having the other one dismissed in 2010 that she was assigned to. Dupree used Judge Wallace to deny plaintiff evidence and, to bring in inadmissible evidence to ensure Dupree got the conviction she wanted. All at the same time plaintiff's

own attorney, Mr.Greenlee, participated in the conspiracy with Dupree and judge Wallace, and sat back and let Dupree have her way with plaintiff by introducing false evidence; perjured testimony; and lying to the jury. Each defendant stepped outside their judicial role by participating in the conspiracy to deprive plaintiff of his constitutional right to a fair trial by deceiving the jury with lies, and introducing false evidence to secure the criminal conviction of LIFE.

---------------------------------------------

## STATEMENT OF CLAIMS

### DEFENDANT HARRIS COUNTY DISTRICT ATTORNEY:

1. The Harris county District Attorney's office is liable for employing and assigning defendant - Assistant district Attorney,Ms. Tiffany Dupree, to handle, investigate & prosecute plaintiff in the 2014 case in criminal case No.1400848. In the 263rd. district of harris county. Just four years prior, defendant Dupree lost a case against plaintiff there in harris county. Thus, it is fair to say that when Ms.Dupree heard of another case (accusation) come in involving plaintiff, she took it out of a hidden agenda. And agenda to prosecute plaintiff at all cost. To make sure she did not lose the case and to obtain a conviction whether he was guilty of not.

2. Defendant harris county district attorney is responsible for assigning cases to its assistant district attorney's and knew or, should have known, the Ms.Dupree lost the Sanchez case back in 2010 and re-assigned the case to another prosecutor. Yet, defendant harris county District Attorney allowed Dupree to file the false charges and prosecute plaintiff knowing of the conflict involved.

3. As a result of harris county prosecutor permitting defendant Ms.Dupree to file the unsubstantiated criminal charges against the

plaintiff; favorable evidence was suppressed; perjured testimony was intentionally used; the jury was manipulated, misled and fed lies by Ms.Dupree, mischaracterizing the evidence as well as put on an expert "unqualified" who also mis-stated DNA evidence confusing the jury.

4.   Defendant harris county district attorney is personally responsible for assigning a biased prosecutor to prosecute Plaintiff and guilty of plaintiff's constitutional right to a fair trial being obstructed. Plaintiff's 1st, 8th, & 14th right to the Unnited States Constitution has been denied...and continues to be violated due to defendant denying plaintiff access to the court (for over a year) by unlawfully holding his writ of habeas corpus and keeping the court from ruling on it and granting him the relief he is entitled to by operation of law under the habeas corpus statute.

5.   Defendant harris county district attorney is also denying plaintiff access to evidence in order to establish his 'gateway' claim of actual innocence in his post-conviction appeal.  Plaintiff has a due process right of access to evidence for purposes of post-conviction (cps video recordings of the complainant as well as other suppressed & favorable evidence involving the alleged victim making similiar allegations against others that were dismissed).

----------------------------------------------

## DEFENDANT TIFFANY DUPREE: ASST.HARRIS COUNTY PROSECUTOR:

6.   Defendant Dupree, is liable for violating plaintiff's 1st, 8th, & 14th Amendment right to the United States Constitution.

10.

DISHONESTY: DECEPTION: MANIPULATION AND A COMPLETE MISCARRIAGE OF
JUSTICE OUT OF RETALIATION IS HOW DEFENDANT DUPREE PROCEEDED DENYING
PLAINTIFF HIS RIGHT TO A FAIR TRIAL BY FRAMING HIM FALSELY.

## FACTUAL ALLEGATIONS

7.    In 2010 Plaintiff successfully had a case dismissed under
the control of defendant Dupree who was the assigned prosecutor
at that time to that particular case.

8.    In 2013 Plaintiff was charged in the 263rd district court
of harris county for aggravated sexual assault of a child (under
14). In case No.1400848. When plaintiff refused to accept a
plea-bargain by Dupree in a charge for indecency with a child,
Dupree re-indicted plaintiff for the aggravated sexual assault of
a child (under 14). Out of retaliation and vindictiveness.

9.    During trial defendant Dupree, and judge Jim Wallace, acted
as an item displaying their personal relationship in open court
and before the jury; taunting, playing with each other, clearly
not interested in true justice but showing their mocking behavior
of the justice system and plaintiff's right to fair process.
Defendant Dupree asked Judge Wallace if he wanted her to sing for
him her presentation in court...or wanted her to dance for him in
court to get what she wanted. This conspiracy went on all through
the trial.

10.    Defendant Dupree, used judge Wallace, in a conspiracy to
deprive plaintiff of exculpatory and exonerating evidence and
thereby falsely convict, and sentence plaintiff to LIFE in prison.

11.

Defendant Dupree used Judge Wallace to issue the following rulings as a favor for her since they were both in a relationship;

A. TO ALLOW THE ALLEGED VICTIMS TO COME IN AND TESTIFY AGAINST PLAINTIFF FROM THE 2010 CASE THAT WAS DISMISSED. DUPREE USED THESE WITNESSES TO POISIN PLAINTIFF'S CASE AND PREJUDICE THE DEFENSE AND PLAINTIFF'S INNOCENCE:

B. TO EXCLUDE THE COMPLAINANT'S MONTGOMERY CASE WHERE SHE ACCUSED THREE MEN OF SEXUAL ASSAULT THAT WAS DISMISSED.

C. DENIED PLAINTIFF ACCESS TO THE COMPLAINANT'S CPS VIDEO STATE-MENT BECAUSE IT CONTRADICTED HER TRIAL TESTIMONY.

D. ALLOWED DUPREE TO LIE TO THE JURY IN THE CRIMINAL TRIAL MIS-STATING EVIDENCE.

E. ALLOWED DUPREE TO TELL THE JURY THEY COULD NOT DISAGREE AND COME BACK WITH A NOT-GUILTY VERDICT:

11. Defendant Dupree brought these false charges out of retaliation for plaintiff successfully having the 2010 case dismissed.

12. Defendant stepped outside of her authoritative position and allowed the alleged victim in this case (criminal case), to commit perjury accusing the plaintiff of a crime that was never proven at trial.

13. Defendant Dupree suppressed, concealed and intentionally withheld the favorable evidence of the Montgomery case that would have shown the alleged victim was a practiced liar for her mother. EXCULPATORY EVIDENCE OF INNOCENCE.

14. Defendant Dupree continued in her false presentation against plaintiff and concealed the CPS video recordings of the complainaint which was a whole different story showing her obvious lies. Her credibility would have been shattered if the CPS video had been disclosed. Dupree continues to refuse to turn this evidence over on behalf of plaintiff's habeas corpus. PLAINTIFF IS DENIED THIS POST-CONVICTION EVIDENCE TO PROVE HIS INNOCENCE.

15. Defendant Dupree has denied plaintiff ACCESS TO THE COURT to vindicate his right and seek relief for OVER A YEAR in his habeas corpus proceedings.

Plaintiff filed his habeas corpus pursuant to TEX.CODE OF CRIM.PROC. ART.11.07.
For state habeas corpus applicant's, OVER ONE YEAR AGO. Pursuant to standard
operation of law protocol, the district attorney has 15 days to reply to
'any habeas corpus' filed in their court. Defendant Dupree has held plaintiff's
habeas corpus for over 1-year denying him access to the court to vindicate
his rights for habeas relief. Dupree also continues to withhold the CPS video
evidence along with the MONTGOMERY EVIDENCE PREVENTING PLAINTIFF FROM PROVING
HIS INNOCENCE.

-----------------------------

Defendant Dupree has denied plaintiff a fair trial in a criminal
case by; excluding favorable evidence; bringing in inadmissible
evidence of a case and witnesses that was previously dismissed;
putting on perjured testimony and, suppressing exculpatory evidence.
AND, CONTINUES TO DENY PLAINTIFF ACCESS TO THE POST-CONVICTION
EVIDENCE, AS WELL AS DENY PLAINTIFF ACCESS TO THE COURT TO OBTAIN
RELIEF FOR THE UNCONSTITUTIONAL CONVICTION SHE IS RESPONSIBLE FOR.

-------------------------------------

## DEFENDANT STEVEN GREENLEE, CRIMINAL DEFENSE ATTORNEY:

16.    Defendant Greenlee, plaintiff's defense attorney in the
aforementioned criminal trial, engaged in the civil conspiracy
with defendant Dupree and Judge Wallace by;

> A. FILING NO MOTIONS IN THE CASE:
> B. FILING FOR NO DISCOVERY IN THE CASE:
> C. REQUESTING FOR NO DEFENSE EXPERT:
> D. CONDUCTING NO INDEPENDENT INVESTIGATION:
> E. MAKING NO OBJECTIONS INTO THE DUPREE'S AND JUDGE WALLACE'S
>    INAPPROPRIATE AND INTIMATE CONDUCT DURING TRIAL:
> F. MAKING NO OBJECTIONS TO ARGUE IN EVIDENCE/OR EXCLUDE THE BAD:

13.

G. CALLED NO WITNESSES IN THE CASE:

H. AND, LASTLY, ADVOCATED **WITH** DUPREE WHEN CLOSING TO PUNISH THE PLAINTIFF. AND TO MAKE AN EXAMPLE OUT OF HIM:

17.   Defendant Greenlee committed the most legal malpractice expression that an attorney could possibly display. Greenlee's actions show that he was 'involved in the civil conspiracy' to deprive plaintiff of his right to a fair criminal trial. Greenlee violated plaintiff's 6th, 8th & 14 Amendment right to the United States Constitution by denying plaintiff his right to adequate legal representation. resulting in cruel and unusual punishment. And depriving plaintiff of his due process rights as he was denied due course of law to the fullest in that case,.

---------------------------

## PLAINTIFF PRAYS FOR ADEQUATE RELIEF

18.   Defendant **PRAYS FOR SPEEDY RELIEF FROM THIS COURT TO RECTIFY A SERIOUS WRONG THAT DEFENDANT'S HAVE BROUGHT ON HIM.. PLAINTIFF'S SEEKS THE FOLLOWING RELIEF:**

A. PLAINTIFF SEEKS FOR AN INJUNCTION TO BE ISSUED TO DEFENDANT S DUPREE TO RELEASE, DISCLOSE, & DELIVER A COPY OF THE CPS - VIDEO TO PLAINTIFF - TO HAVE IT FULLY TRANSCRIBED IN ORDER TO BE USED IN HIS ACTUAL INNOCENCE CLAIM IN HIS HABEAS CORPUS PETITION OF THE COMPLAINANT -- DANA WEAVER, THAT WAS MADE IN CONNECTION TO PLAINTIFF'S CRIMINAL CASE. IN CASE NO. 1400848.

B. PLAINTIFF SEEKS TO HAVE THE MONTGOMERY COUNTY CASE INVOLVING THE COMPLAINANT DANA WEAVER,WHERE SHE ACCUSED (THREE MEN) OF SEXUAL ASSAULT THAT WAS ULTIMATELY DISMISSED IN MONTGOMERY COUNTY TEXAS. PLAINTIFF SEEKS THE POLICE AND INVESTIGATIVE REPORTS USED INVOLVING THE COMPLAINANTS ALLEGATIONS IN THAT INCIDENT TO BE USED IN HIS HABEAS CORPUS PETITION. SUCH INJUNCTION SHOULD INCLUDE THIS ASPECT OF THE LAW SUIT AS IT RELATES TO THE SUBJECT MATTER OF BEING DENIED ACCESS TO THE COURT.

14.

C. **PLAINTIFF SEEKS DAMAGES FROM EACH DEFENDANT:**

HARRIS COUNTY DISTRICT ATTORNEY, IN THE SUM OF--
> $100,000 PER YEAR OF INCARCERATION ONCE IT IS DETERMINED PLAINTIFF HAS BEEN FALSELY CHARGED AND DENIED A FAIR TRIAL BY DEFENDANT'S EMPLOYEE: MS. DUPREE:

D. DEFENDANT DUPREE, IN THE SUM OF--
> $500,000 FOR DENYING PLAINTIFF HIS RIGHT TO A FAIR TRIAL:
> $100,000 FOR RETALIATING AGAINST PLAINTIFF AND BRINGING THE FALSE CHARGES FOR HAVING A PRIOR CASE DISMISSED. THUS, PUNISHING PLAINTIFF MALICIOUSLY AND VINDICTIVELY:
> $100,000 FOR OBSTRUCTING AND DENYING PLAINTIFF ACCESS TO THE COURT IN HIS HABEAS CORPUS ACTION FOR "OVER A YEAR."
> $100,000 PER YEAR PLAINTIFF HAS BEEN IN PRISON DEPRIVED OF HIS LIBERTY AND FREEDOM ONCE IT IS DETERMINED PLAINTIFF HAS BEEN FALSELY IMPRISONED:

E. DEFENDANT GREENLEE, IN THE SUM OF --
> $800,000 FOR DENYING PLAINTIFF ADEQUATE AND JUST LEGAL REPRESENTATION RESULTING IN THE DISADVANTAGE PLAINTIFF SUFFERED WITH WITH THE LOSS OF HIS FREEDOM DUE TO DEFENDANT'S LEGAL MALPRACTICE AND DEFICIENT PERFORMANCE:

F. PLAINTIFF SEEKS PUNITIVE DAMAGES IN THE SUM OF --
> $3,000.000 AGAINST THE DEFENDANT'S FOR ENGAGING IN A CIVIL CONSPIRACY TO DENY PLAINTIFF HIS CONSTITUTIONAL RIGHT TO A FAIR CRIMINAL TRIAL AND DEPRIVING PLAINTIFF HIS FREEDOM AND LIBERTY FOR THE SOLE PURPOSE OF PUNISHING HIM:

G. PLAINTIFF SEEKS REIMBURSEMENT OF COURT COSTS AND ATTORNEY FEES IN THIS CASE:

H. PLAINTIFF REQUEST FOR THE APPOINTMENT OF COUNSEL TO BE ASSIGNED TO THIS CASE TO REPRESENT PLAINTIFF DUE TO THE COMPLEXITY AND NATURE OF THIS CASE AND WHO THE DEFENDANT'S ARE IN ORDER TO EFFECTUATE THE LITIGATION AND ARRIVE AT A JUST CONCLUSION:

I. PLAINTIFF DEMANDS A TRIAL BY JURY:

J. PLAINTIFF SEEKS DAMAGES AGAINST EACH DEFENDANT FOR MENTAL ANGUISH AND EMOTIONAL DISTRESS FOR THE PAIN AND SUFFERING PLAINTIFF HAS ENDURED FOR THE YEARS OF FALSE IMPRISONMENT HE HAS BE FORCED TO LIVE WITH:

-----------------------------------

**DECLARATION OF FOREGOING FACTS UNDER PENALTY OF PERJURY**

The plaintiff, RODY SANCHEZ, hereby declares that the foregoing is a true account to the best of his knowledge under penalty of perjury pursuant to 28 U.S.C. §1746.

Herein Respectfully Submitted

EXECUTED ON THIS DAY OF
February. 10 , 2019

Rody Sanchez,# 1955024
TDCJ Eastham. 2665 Prison Rd.1
Lovelady, texas 75851

15.                    Proceeding Pro se